# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Criminal Action No. 19-cr-00524-DDD

## UNITED STATES OF AMERICA,

Plaintiff,

v.

1.   RAMON UZIEL HERNANDEZ-PEREZ

Defendant.

---

## STATEMENT IN ADVANCE OF PLEA OF GUILTY

---

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, that all representations contained herein are true and correct, and that my attorney has assisted me as I have reviewed and completed this form.

1.      The nature of the charge(s) against me has been explained to me by my attorney and the Court.  I have had an opportunity to discuss with my attorney and with the Court the nature of the charge(s) and the elements which the government is required to prove.

2.      I know that when the Court sentences me, the Court will consider many factors. These factors are listed in 18 U.S.C. § 3553 and include (a) the nature and circumstances of the offense and my personal history and characteristics, (b) the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public, and provide me with

1

<table>
<tr><td>Court Exhibit<br>2</td></tr>
</table>

needed training, care or correctional treatment in the most effective manner, (c) the kinds of sentences available to the court, (d) the advisory sentencing guidelines established by the U.S. Sentencing Commission, (e) the pertinent policy statements of the U.S. Sentencing Commission, (f) the need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct, and (g) the need to provide restitution. No single factor is controlling or determinative. I recognize that it is possible that the Court could, after considering these factors, impose any sentence in my case, including one which is as severe as the maximum term of imprisonment, the maximum fine, full restitution (if applicable), the maximum term of supervised release, and a special assessment, all as set out in paragraph 3 below.

3.      I know that the following penalties may be imposed upon me under the law, as a result of my guilty plea(s):

**Counts 1 and 4:  Interference With Commerce by Threats or Violence,**

**18 U.S.C.§1951(a).**

(a)      Imprisonment for not more than a period of 20-years; and

(b)      A fine of not more than $250,00 pursuant to the statute that I admit I violated or the alternative fine schedule as set forth in 18 U.S.C. §3571; or both imprisonment and a fine;

(c)      A term of supervised release of not than 3-years; and

(d)      A special assessment fee of $100;

(e)      A separate prison sentence that may be imposed for a violation of the conditions of supervised release.

2

**Count 2: Firearms Offense, 18 U.S.C. §924(c)(1)(A)(ii).**

(a)     Imprisonment of not less than 7-years, consecutive to any other sentence, up to life imprisonment;

(b)     A fine of not more than $250,00 pursuant to the statute that I admit I violated or the alternative fine schedule as set forth in 18 U.S.C. §3571; or both imprisonment and a fine;

(c)     A term of supervised release of not than 5-years; and

(d)     A special assessment fee of $100;

(e)     A separate prison sentence that may be imposed for a violation of the conditions of supervised release.

**Count 9:  Unlawful Acts, 18 U.S. C. §922(g)(5).**

(a)     Imprisonment of not more than 10-years;

(b)     A fine of not more than $250,00 pursuant to the statute that I admit I violated or the alternative fine schedule as set forth in 18 U.S.C. §3571; or both imprisonment and a fine;

(c)     A term of supervised release of not than 3-years; and

(d)     A special assessment fee of $100;

(e)     A separate prison sentence that may be imposed for a violation of the conditions of supervised release.

4.     I know that if I am convicted or plead guilty to more than one count, the sentences may be concurrent (served at the same time) or consecutive (served separately or back-to-back) unless the statutory penalty for an offense of conviction expressly requires that a sentence be imposed to run consecutively.

5.      I know that in addition to any punishment that the Court may impose, there are collateral consequences to pleading guilty to a crime. These consequences are neither imposed nor controlled by the Court.  For example, pleading guilty may result in a loss of civil rights, including but not limited to the right to possess firearms, vote, hold elected office, and sit on a jury. And, if I am not a citizen of the United States, these consequences may include deportation from the United States or indefinite confinement if there is no country to which I may be deported, denial of the right to enter the United States in the future, and denial of citizenship.

6.      I know that if I am given a term of supervised release as a part of my sentence, that supervised release will only begin to run upon my release from custody on all terms of imprisonment imposed by this and any other court. I understand that any violation of the conditions of supervised release during its term may lead to an additional prison sentence and additional supervised release being imposed.

7.      I know that there is no parole in the federal system and that I will be required to serve the entire sentence of imprisonment which may be imposed in my case, reduced only by such good time and/or program allowances as may be set by Congress and applied by the Bureau of Prisons.

8.      I know that if a fine or restitution is imposed as a part of my sentence, I will be required to pay interest on any amount in excess of $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment or unless interest is waived by the Court.

9.      I know that if a fine or restitution is imposed as a part of my sentence, I will be required to pay it in a timely manner. Failure to do so may trigger monetary penalties,

collection efforts by the government, potential revocation of any probation or supervised release, and/or exposure to prosecution for "Criminal Default" under 18 U.S.C. § 3615.

10. I know that I have a right to be represented by an attorney at every stage of this proceeding, and I know that, if I cannot afford an attorney, one will be appointed to represent me at no cost or expense to me.

11. I know that I have a right to plead "not guilty," and I know that if I do plead "not guilty," I can persist in that plea and demand a trial.

12. I know that I have a right to a trial by jury, and I know that if I choose to stand trial:

(a) I have a right to the assistance of an attorney at every stage of the proceeding;

(b) I have a right to see and observe the witnesses who testify against me.

(c) My attorney can cross-examine all witnesses who testify against me;

(d) I can call and present such relevant witnesses as I desire, and I can obtain subpoenas to require the attendance and testimony of those witnesses;

(e) If I cannot afford to pay witness fees and expenses, the government will pay those fees and expenses, including mileage and travel expenses, and including reasonable fees charged by expert witnesses;

(f) I cannot be forced to incriminate myself and I do not have to testify at any trial;

(g) However, I can testify at my trial if I choose to, and I do not have to decide whether to testify until after I have heard the government's evidence against me;

(h) If I decide that I do not want to testify, the jury will be told that no guilt or

inference adverse to me may be drawn from my decision not to testify;

(i)    In order for me to be convicted, the government must prove each and every element of the offense(s) with which I am charged, beyond a reasonable doubt;

(j)    In order for me to be convicted, the jury must reach a unanimous verdict of guilty, meaning all jurors must agree that I am guilty; and

(k)    If I were to be convicted after a trial, I could appeal both my conviction and whatever sentence the Court later imposed, and if I could not afford an appeal, the government would pay the cost of the appeal, including the cost of an appointed attorney.

13.    I know that if I plead guilty, there will not be a trial of any kind.

14.    I know that if I plead guilty, there will be no appellate review of the question whether or not I am guilty of the offense(s) to which I have pled guilty.

15.    I know that the terms of my plea agreement with the government contain a waiver of my right to appeal or to collaterally attack the sentence.   Specifically, I have agreed to waive my right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of following three criteria:

(1)    The sentence exceeds the maximum penalty provided in the statue of conviction;

(2)    The sentence exceeds the advisory guideline range that applies to a total offense level of 25, plus 7 years; or

(3)    The government appeals the sentence imposed.

I also have agreed and understand that the appellate waiver set forth in my plea agreement will not prevent me from seeking relief otherwise available if:

(1)    There is an explicitly retroactive change in the applicable sentencing

guidelines or sentencing statute;

      (2)    I was deprived the effective assistance of counsel; or

      (3)    I was prejudiced by prosecutorial misconduct.

16.    No agreements have been reached and no representations have been made to me as to what the sentence in this case will be, except those which are explicitly detailed in the document entitled "**Plea Agreement**" which the government and me have signed.  I further understand that any sentencing agreements and stipulations in the document entitled **"Plea Agreement"** are binding on the Court only if the parties ask the Court in that document to be so bound pursuant to Rule 11 (c)(1)(C) and only if the Court agrees to be so bound when it accepts my guilty plea(s).

17.    The only plea agreement which has been entered into with the government is that which is set out in the document entitled **"Plea Agreement"** which has been signed by the government and me which I incorporate herein by reference.

18.    I understand that the Court will make no decision as to what my sentence will be until a Presentence Report has been prepared by the Probation Department and received and reviewed by the Court.

19.    I know that when I enter my plea(s) of guilty, the Court may ask me questions under oath about the offense(s) to which I have pled guilty. The questions, if asked of me on the record and in the presence of my attorney, must be answered by me, and if I give false answers, I can be prosecuted for perjury.

20.    I know that I have the right to ask the Court any questions that I have concerning my rights, these proceedings, and my plea(s) to the charge(s).

21.    I am _32_ years of age. My education consists of _High School - 10 yrs in Mexico_

I read, write and understand the Spanish language. This document, which is in English, has been read to me in Spanish by a Certified Spanish Interpreter.

22.    Other than the promises of the government set out in the document entitled **"Plea Agreement"**, no promises and no threats of any sort have been made to me by anyone to induce me or to persuade me to enter my plea(s) in this case.

23.    No one has promised me that I will receive probation, home confinement or any other specific sentence desired by me because of my plea(s) of guilty.

24.    I have had sufficient opportunity to discuss this case and my intended plea(s) of guilty with my attorney. I do not wish to consult with my attorney any further before I enter my plea(s) of guilty.

25.    I am satisfied with my attorney. I believe that I have been represented effectively and competently in this case.

26.    My decision to enter the plea of guilty is made after full and careful thought, with the advice of my attorney, and with full understanding of my rights, the facts and circumstances of the case, and the potential consequences of my plea(s) of guilty. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter my guilty pleas nor when I signed the plea agreement or statement in advance of plea of guilty and I am not now under the influence of any drugs, medication or intoxicants.

27.    I want to plead guilty and have no mental reservations about my decision.

28.    Insofar as it shows my conduct, the summary of facts set out in the document entitled **"Plea Agreement"** is true and correct, except as I have indicated in that document.

29.     I know that I am free to change or delete anything contained in this statement and that I am free to list my objections and my disagreements with anything contained in the document entitled **"Plea Agreement"** I accept both documents as they are currently drafted.

30.     I wish to plead guilty to the following charges:

**Count 1:  Interference With Commerce by Threats or Violence;**

**Count 4:  Interference With Commerce by Threats or Violence;**

**Count 2: Firearms Offense;**

**Count 9:  Unlawful Acts.**

Dated: this 28th day of October 2020.

_Dana M. Chesher for_
Ramon Uziel Hernandez-Perez Defendant   @ 1:20pm

I certify that I have discussed this statement and the document entitled "Statement in Advance of Plea of Guilty" with the defendant with the assistance of a certified Spanish interpreter.  I certify that I have fully explained the defendant's rights to him and have assisted him in completing this form. I believe that the defendant understands his rights and these statements.

Dated this 28th day of October 2020

Dana M. Casper #21149
Attorney for Ramon Uziel Hernandez-Perez